UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | **CV 22-7985-DMG (PVCx)** | Date | March 7, 2023 |
|---|---|---|---|
| Title | *Jose Jesus Ramirez v. Costco Wholesale Corporation, et al.* | Page | 1 of 5 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [14]**

On August 10, 2022, Plaintiff Jose Jesus Ramirez filed a complaint against Defendants Costco Wholesale Corporation ("Costco Corporation"), and Costco Wholesale Membership, Inc. ("Costco Membership"), claiming negligence and premises liability for injuries he incurred while shopping at Costco in Pacoima, California. Notice Of Removal ("NOR"), Ex. A (Compl.) at 6, 10 [Doc. # 1].[1] On October 14, 2022, Ramirez amended his Complaint, adding Elizabeth Arellano as a defendant. Decl. of Daniel Ghyczy in Support of ("ISO") Def.'s MTR ¶ 9 [Doc. # 14-1].

On November 2, 2022, Costco Corporation removed this case to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441. *See* NOR at 1. On November 23, 2022, Ramirez moved to remand the action back to state court. [Doc. # 14 ("MTR")]. Costco Corporation filed an Opposition, but Ramirez did not file any reply. [Doc. # 17 ("Opp.").] For the following reasons, Ramirez's MTR is **GRANTED**.

**I.**
**BACKGROUND**

On September 2, 2020, Ramirez was injured while shopping at Costco in Pacoima, California when he slipped and fell on a slippery substance. Compl. at 10.[2] Ramirez alleges defendants were negligent in maintaining the premises because they knew of or should have known of the dangerous condition had they exercised ordinary care. *Id.* Ramirez named Costco Corporation and Costco Membership as defendants, and later added Arellano, who was the manager of Costco's Pacoima warehouse at the time of the incident. MTR at 3.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] The Court accepts Ramirez's allegations as true solely for the purpose of deciding this Motion, except where contradicted by summary judgment-type evidence. *See* Opp. at 6.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-7985-DMG (PVCx)** | Date | March 7, 2023 |
| Title | ***Jose Jesus Ramirez v. Costco Wholesale Corporation, et al.*** | Page | 2 of 5 |

Ramirez is a California resident. Costco Corporation is a Washington corporation conducting business in California, with its principal place of business also in Washington. NOR at 2. Costco Corporation is responsible for the operations of the Pacoima warehouse, whereas Costco Membership is a separate corporate entity that is responsible for the issuance and oversight of membership. Opp. at 3; Decl. of Leigh Ann Ruijters ISO Def.'s Opp. ¶¶ 4–5 [Doc. # 17-1]. Costco Membership does not own, lease, employ, or supervise the Pacoima warehouse. *Id.* ¶¶ 6–8. At the time of the incident, Arellano was the manager at the Pacoima warehouse, but she did not work on the day that Ramirez was injured. Decl. of Trey Cardwell ISO Def.'s Opp. ¶ 3 [Doc. # 17-2]; Decl. of Elizabeth Arellano ISO Def.'s Opp. ¶¶ 4, 9 [Doc. # 26].

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

An initially non-removable suit "must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. by and through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). An exception to the voluntary-involuntary rule exists where the non-diverse party has been fraudulently joined. *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119–20 (N.D. Cal. 2011) (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 656 (9th Cir. 1978)). Under that scenario, the court may ignore the presence of the so-called "sham party" for the purpose of determining the existence of diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). There is, however, a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." *Id.* at 1046.

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Although outright fraud in the pleading of jurisdictional facts certainly would allow removal based on fraudulent joinder, 'fraudulent joinder' is defined more broadly as a term of art that does not necessarily reflect on

Case 2:22-cv-07985-DMG-PVC Document 27 Filed 03/07/23 Page 3 of 5 Page ID #:206

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | CV 22-7985-DMG (PVCx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | *Jose Jesus Ramirez v. Costco Wholesale Corporation, et al.* | Page | 3 of 5 |

the integrity of plaintiff or plaintiff's counsel." *Simpson v. Union Pac. R. Co.*, 282 F. Supp. 2d 1151, 1154–55 (N.D. Cal. 2003) (internal citations omitted).

The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted).

## III.
## DISCUSSION

Costco Corporation contends that Costco Membership and Arellano are fraudulently joined defendants whose citizenship should be disregarded for purposes of establishing diversity jurisdiction. Opp. at 5–9.[3]

### A. Fraudulent Joinder

To determine whether Costco Membership and Arellano are proper defendants, the Court must assess whether Ramirez could state a claim against either party based on the allegations in his complaint. *See Morris*, 236 F.3d at 1067 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Ramirez's two claims are for premises liability and negligence, which have the same elements under California law. *See Brooks v. Eugene Burger Mgmt. Corp.*, 215 Cal. App. 3d 1611, 1619 (1989). To state a claim, Ramirez must show that each Defendant owed him a duty, that the duty was breached, and it caused him harm. *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1142 (2016).

Store managers employed by the owner of the premises may be individually liable for negligence because long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Perkins v. Blauth*, 163 Cal. 782, 787 (1912); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n

---

[3] Ramirez also argues that the case must be remanded because Costco Membership and Arellano did not join the notice of removal. MTR at 5. That argument fails under Ninth Circuit law. *See Soliman v. Philip Morris Inc.,* 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration in original and internal quotation marks omitted)).

Case 2:22-cv-07985-DMG-PVC   Document 27   Filed 03/07/23   Page 4 of 5   Page ID #:207

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-7985-DMG (PVCx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | *Jose Jesus Ramirez v. Costco Wholesale Corporation, et al.* | Page | 4 of 5 |

agent is liable for her or his own acts, regardless whether the principal is also liable."). Under that theory, a store manager may be held liable separate and apart from the premises owner's liability. *See Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250-DMG (GJSx), 2020 WL 2945514, at *4 (C.D. Cal. June 2, 2020); *see also Dirkes v. Sam's West, Inc.*, No. CV 22-3466-JLS (MARx), 2022 WL 17098672, at *3 (C.D. Cal. Sept. 7, 2022) (same).

In support of its position, Costco Corporation cites mostly out-of-circuit authority in which courts have declined to hold managers liable under various factual scenarios. Opp. at 8. That is not sufficient. Defendant's cited cases certainly do not support a categorical rule that a manager who is not working on the day of an incident cannot be held liable. It is not clear from the complaint the extent to which Arellano could have been responsible for policies and practices that led to the incident. In other words, it is plausible that additional facts could be alleged that would be sufficient to implicate Arellano's liability. In such cases, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

Costco has therefore failed to carry its burden to show "no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *See Gallegos*, 2020 WL 2945514, at *4 (quotation and citations omitted).[4]

**B.      Attorney's Fees**

Ramirez requests an award of attorney's fees under section 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, fees should be denied unless the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, Costco had an objectively reasonable basis grounds for removal based on the factual ambiguities in Ramirez's allegations. It is plausible, after discovery, that a court or jury will eventually conclude that Arellano cannot be held liable. Accordingly, the Court declines to award fees.

//
//

---

[4] The Court does not address Costco Membership's liability because Arellano destroys complete diversity.

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |
| Case No. | **CV 22-7985-DMG (PVCx)** | Date | March 7, 2023 |
| Title | *Jose Jesus Ramirez v. Costco Wholesale Corporation, et al.* | Page | 5 of 5 |

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Ramirez's request for attorney's fees and costs is **DENIED**. The Court remands this case to Los Angeles County Superior Court.

**IT IS SO ORDERED.**